```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                NOT FOR PUBLICATION
-----------------------------------------------------------x
POLITO PEÑA,

                              Petitioner,           **MEMORANDUM & ORDER**

       -against-                                    07 CV 2736

ANTHONY G. ELLIS, II, Executive Director
for N.Y.S. Division of Parole, and
BRIAN FISCHER, Commissioner for
N.Y.S. Department of Correctional Services,

                              Respondents.
-----------------------------------------------------------x
```
DEARIE, Chief Judge:

Pro se petitioner Polito Peña seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth in respondent's Motion to Dismiss and below, petitioner's application is denied, and the petition is dismissed.

## BACKGROUND

The petition was received on July 2, 2007 and is filed on a standard form for a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. However, the basis for the challenge is unclear. Petitioner variously complains of the length of his sentence on an underlying conviction from 1999, subsequent returns to custody for parole violations, and his current parole status. The original conviction and sentence were entered on February 18, 1999. Petitioner asserts that the sentence of three to six years incarceration violated an alleged plea agreement, in which he understood that he would be sentenced to one year of incarceration. (Pet. at 3, 7.[1]) He does not appear to have previously challenged that conviction and sentence either on direct appeal or through collateral attacks in the state courts.

---

[1] As the original petition is not consecutively paginated, the Court uses the consecutive page numbers assigned by the Electronic Case Filing system.

Petitioner's more immediate concern appears to be the subsequent extension of parole supervision, his inability to satisfy the conditions of parole, and his multiple parole violations. His most recent violation led to the imposition of a nine-month hold on February 26, 2007. At the time he filed this petition, he was incarcerated at Riverview Correctional Facility. He was released from custody on August 17, 2007. As a result of his 1999 conviction and parole violations, petitioner's maximum expiration date has been extended to March 26, 2010. Despite these subsequent violations, petitioner appears to argue that he is entitled to his original maximum expiration date[2] because the original three- to six-year sentence was longer than the one year he expected to serve. (Pet. at 3, 4, 7.) Petitioner seeks the following relief: vacation of his most recent parole violation, vacation of his three- to six-year sentence, and termination of the remaining period of parole supervision. (Pet. at 8.)

By Order dated July 13, 2007, the Court directed a response from respondents. The New York State Attorney General's Office filed a Motion to Dismiss on September 14, 2007, arguing that the petition must be dismissed as time-barred and unexhausted. Petitioner has not filed a reply.

## DISCUSSION

I.  Procedural Requirements

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a series of procedural requirements for the filing of an

---

[2] At the time of petitioner's 1999 conviction and sentence, he was already on parole and had a maximum expiration date of October 28, 2003. Petitioner claims that his original maximum expiration date after sentencing on the 1999 conviction should have been October 28, 2004. However, because the 1999 sentence was imposed consecutively to his prior sentences, his original maximum expiration date was October 26, 2009. His subsequent parole violations extended the maximum expiration date to March 26, 2010. (Resp.'s Mem. at 3, 4, 5 n.6.)

2

application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. One of these requirements is a one-year period of limitations for filing a petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period runs from "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction is pending at any time during that one-year period, the time during which the application is pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

AEDPA also requires that a petitioner exhaust each claim he wishes to raise in federal court by first seeking remedies that may be available in the courts of the state in which he was convicted "or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir.

3

2000) (quoting 28 U.S.C. 2254(b)(1)). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003).

II. Application of the Law to this Case

Petitioner's concern appears to be his current parole status and parole supervision extending to March 26, 2010. In order to challenge the extension of his parole supervision to October 26, 2009, he attacks the validity of the three to six year sentence on his 1999 conviction. To the extent that petitioner is challenging that conviction, respondent argues that the petition is both untimely and unexhausted.

Petitioner's challenge to his conviction is untimely. Petitioner was convicted on February 18, 1999. There is no indication that he appealed that conviction or that he sought any other post-conviction relief. Accordingly, the judgment became final in March of 1999, when the time for seeking an appeal expired. See N.Y.Crim. P. L. § 460.10(1)(a). Petitioner had one year from that date, until March of 2000, to file his petition. When petitioner filed the instant petition, on July 7, 2007, the statute of limitations had long since expired. Petitioner does not assert any excuse for his untimeliness that might serve as the basis for equitable tolling.

Ordinarily, before dismissing a petition as time-barred, the Court would grant a petitioner an opportunity to rebut the untimeliness of the petition. See Day v. McDonough, 547 U.S. 198, 210 (2006); Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000)("[U]nless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the

4

petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard.") However, the Court need not dismiss petitioner's challenge to his conviction on this ground because he has also failed to exhaust. Although petitioner asserts that he filed several Article 78 proceedings, none of those claims invoked the constitutional claims that could serve as the basis for his challenge: the voluntariness of his plea agreement or the ineffectiveness of his counsel at the time of his plea allocution. He did not file a direct appeal or any collateral challenge to the underlying conviction. Because any claims regarding the underlying conviction are unexhausted, habeas corpus relief cannot be granted. 28 U.S.C. 2254(b)(1); Fama, 235 F.3d at 808.

To the extent that petitioner is challenging the November 2006 parole revocation that led to the further extension of his maximum expiration date, and on which he was in custody at the time he filed this petition, the claim is timely. However, this claim is subject to the exhaustion requirement as well. See Cook v. New York State Div. of Parole, 321 F.3d 274, 278 & n.3 (2d Cir. 2003) (state prisoners must challenge the execution of their sentences under Section 2254). "To exhaust a denial of parole under New York law, the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78. If the Article 78 petition is denied, the petitioner must appeal that denial to the highest state court capable of reviewing it." Scales v. New York State Div. of Parole, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). Petitioner has failed to show that he has exhausted. He describes a series of Article 78 petitions filed in the Albany County Court, most of them filed prior to the 2006 parole revocation. The one petition filed since that decision appears to have raised only his request for a

transfer to another facility and his assignment to a top bunk. (Pet. at 4, 5.) Accordingly, relief cannot be granted on his claims regarding the revocation of his parole.

## **CONCLUSION**

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. A certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. The Clerk of the Court is directed to close this case. Should petitioner have any further information that might alter this Court's conclusion that he has failed to properly exhaust his claims, or that his challenge to his conviction is timely, he may move to reopen under this docket number.

SO ORDERED.

Dated: Brooklyn, New York
December 19, 2007

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge